**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MELISSA SARVEY,** ) | |
|     **Plaintiff** ) | |
| ) | **C.A.No. 16-157ERIE** |
| **vs.** ) | |
| ) | **District Judge Rothstein** |
| **JOHN WETZEL, et al,** ) | **Magistrate Judge Baxter** |
|     **Defendants.** ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the partial motion to dismiss filed by Defendants [ECF No. 7] be denied.

**II.   REPORT**

    **A.  Relevant Procedural History**

Plaintiff, a state inmate incarcerated at SCI Cambridge Springs, initiated this civil rights action through counsel on June 21, 2016. As Defendants to this action, Plaintiff has named: John Wetzel, Secretary of the Pennsylvania Department of Corrections; Joanne Torma, Superintendent of SCI Cambridge Springs; Joyce Wilkes, the former Superintendent of SCI Cambridge Springs; and Corrections Officers Keith Mayo and Brian Shank of SCI Cambridge Springs.

1

Defendants have filed a partial motion to dismiss, seeking the dismissal of the claims against Wetzel, Torma, Wilkes, and Shank[1]. ECF No. 7. Plaintiff has filed a brief in opposition to the pending dispositive motion [ECF No. 12] and Defendants have filed a reply brief [ECF No. 14]. The present motion is ripe for disposition by this Court.

### B. Plaintiff's Allegations

On September 19, 2014, Plaintiff was sexually assaulted by Defendant Mayo, a corrections officer at SCI Cambridge Springs. ECF No. 1, ¶ ¶ 28-44.

At the time of the assault, Plaintiff was working as a janitor in the school building. Id. at ¶ 19. Defendants Mayo and Shank were the only corrections officers assigned to supervise inmates performing janitorial work in the school building. Id. at ¶ 20. While Plaintiff was performing janitorial work, Defendant Mayo was patrolling the building and Defendant Shank was working the main desk on the first floor. Id. at ¶ 28.

Mayo instructed Plaintiff to accompany him into the service elevator to do rounds with him. Id. at ¶ 30. It is against policy for inmates to be on the service elevator for any reason. Id. at ¶ 31. Although she did not want to comply with Defendant Mayo's instruction, Plaintiff believed she had no choice but to accompany him onto the elevator. Id. at ¶ ¶ 32-34.

Once inside the elevator, Defendant Mayo proceeded to force an open-mouth kiss on Plaintiff, placed his hands under her clothing and bra, groped her breasts, moved his hands into her pants and forced his fingers into her vagina. Id. at ¶ ¶ 35-40.

---

[1] Defendants have not filed an answer on behalf of Defendant Mayo.

Later that day, Plaintiff was called into the office of the building by Defendant Mayo who suggested that they "can do it whenever you want" referring to sexual intercourse. Defendant Mayo then asked Plaintiff to suggest a password to communicate with him. Id. at ¶ 43.

Shortly after the assault, Plaintiff reported it to Officer Hamilton and in turn the assault was reported to the Office of Special Investigation and Intelligence. Id. at ¶ ¶ 47-48. As of the date of the filing of this civil action, Plaintiff had not been provided with any information regarding the result of the investigation by the OSII and had not been given the opportunity to formally press criminal charges against Defendant Mayo despite her requests to do so. Id. at ¶ ¶ 49-50. Defendant Mayo continues to work at SCI Cambridge Springs and has direct contact with female inmates including Plaintiff. Id. at ¶ ¶ 54-60.

On several occasions prior to the September 19th assault, Defendant Mayo engaged in inappropriate sexual touching of Plaintiff's breasts and buttocks. Id. at ¶ 21. Defendant Mayo also inappropriately touched other inmates. Id. at ¶ 22. Defendant Shank witnessed Defendant Mayo's actions against Plaintiff and other inmates and failed to take any actions to report or prevent such abuse. Id. at ¶ 25. At least one other Department of Corrections employee witnessed and reported Defendant Mayo's inappropriate conduct to SCI Cambridge Springs officials. Id. at ¶ 26. Despite this report of sexual abuse, Defendant Wilkes, the Superintendent at the time, took no action to terminate or reprimand Defendant Mayo or prevent further contact between him and female inmates. Id. at ¶ 27.

Plaintiff alleges that Wetzel, Torma, Wilkes, and Shank "were aware from previous complaints and previous observations that Defendant Mayo had committed acts of sexual abuse and harassment against Ms. Sarvey and other inmates." Id. at ¶ 104.

3

Based on the foregoing factual allegations, Plaintiff makes the following legal claims: Count I – an Eighth Amendment claim against all Defendants; Count II – a Battery claim against Defendant Mayo; and Count III – an Intentional Infliction of Emotional Distress claim against Defendant Mayo.

**C. Standard of Review -- Motion to dismiss pursuant to Rule 12(b)(6)**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b) (6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b) (6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal

4

Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### D. Defendants' Partial Motion to Dismiss

Defendants argue that Wetzel, Torma, Wilkes, and Shank should be dismissed because Plaintiff has failed to allege their personal involvement in the alleged constitutional deprivations.

To make out an Eighth Amendment, the plaintiff must show "he has suffered an objectively, sufficiently serious injury [or deprivation], and that prison officials inflicted the

injury with deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834 (1994). To establish deliberate indifference: 1) a prison official must know of and disregard an excessive risk to inmate health or safety; 2) the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and 3) the official must also draw the inference. Id. at 837. Thus, "deliberate indifference describes a state of mind more blameworthy than negligence," and requires "more than ordinary lack of due care for prisoner's interests or safety." Id. at 835.

To establish liability under § 1983, a plaintiff must allege that the prison official was personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Liability under § 1983 cannot be predicated solely on *respondeat superior.* Rizzo v. Goode, 423 U.S. 362 *1976). See also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action).

Here, the complaint contains sufficient factual allegations against each of these four Defendants to implicate their personal involvement in the constitutional violations. Plaintiff alleges that all four Defendants "were aware from previous complaints and previous observations that Defendant Mayo had committed acts of sexual abuse and harassment against Ms. Sarvey and other inmates." ECF No. 1, ¶ 104. Plaintiff alleges that Defendants Wetzel and Wilkes failed to ensure that previous complaints against Mayo and Shank were properly investigated [id. at ¶ 82], allowed Mayo to have contact with Plaintiff despite his known history of abusing and harassing female inmates; failed to adequately train Mayo and other staff regarding sexual assault of

6

inmates [id. at ¶ 84]; and failed to ensure the implementation of proper procedures for reporting assaults of inmates by corrections officers [id. at ¶ 86]. As to Defendants Wetzel and Torma, Plaintiff alleges that they continued to inadequately implement and enforce policies necessary to prevent sexual abuse of inmates, and, to this day, allow Mayo to have contact with Plaintiff, thereby causing her ongoing psychological pain and emotional distress. Id. at ¶ 61. As to Defendant Shank, Plaintiff alleges that he failed to report previous instances of Mayo's harassment of Plaintiff and other inmates that he witnessed [id. at ¶¶ 25, 45, 86]; failed to prevent Mayo's sexual assault of Plaintiff despite the fact that he was on duty with Mayo at the time of the attack [id. at ¶ 100], and failed to report the assault afterwards [id.]. These allegations are sufficient to show the personal involvement of these four Department of Corrections Defendants. Accordingly, the motion to dismiss should be denied.

## III. CONCLUSION

It is respectfully recommended that the partial motion to dismiss filed by Defendants [ECF No. 7] be denied.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation by February 26, 2016. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto, but no later than March 11, 2016. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 10, 2017