# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELISSA SARVEY,

               Plaintiff,

v.

JOHN WETZEL, *et al.*,

               Defendants.

Civil Action No. 16-cv-157 (BJR)

ORDER ADOPTING REPORT AND RECOMMENDATION.

Before the Court is the Report and Recommendation of Magistrate Judge Susan Paradise Baxter (Doc. No. 38), which recommends that the Court deny the Partial Motion to Dismiss filed by Moving Defendants Wetzel, Torma, Wilkes and Shank (Doc. No. 7). After reviewing the Report and Recommendation, Plaintiff's Objections, and the relevant filings, the Court ADOPTS Magistrate Judge Baxter's Report and Recommendation in its entirety.

Plaintiff, a federal inmate incarcerated at the State Correctional Institution at Cambridge Springs (SCI Cambridge Springs), brings this action against prison officials for alleged Eighth Amendment violations relating to sexual assault suffered by Plaintiff and other inmates. (Doc. No. 3.) Plaintiff alleges that she was assaulted by Defendant Keith Mayo, a Corrections Officer at SCI Cambridge Springs. The following facts, taken from the Complaint, are accepted as true at this stage.

While Plaintiff performed janitorial work in the prison's school building on September 19, 2014, Defendant Mayo was patrolling the building. Defendant Mayo instructed Plaintiff to accompany him into the service elevator to do rounds with him. It is against policy for inmates to

be on the service elevator for any reason. Although she did not want to comply with Defendant Mayo's instruction, Plaintiff believed she had no choice but to accompany him onto the elevator. Once inside the elevator, Defendant Mayo proceeded to force an open-mouth kiss on Plaintiff, placed his hands under her clothing and bra, groped her breasts, moved his hands into her pants and forced his fingers into her vagina.

Later that day, Plaintiff was called into the office of the building by Defendant Mayo who suggested that they "can do it whenever you want" referring to sexual intercourse. Defendant Mayo then asked Plaintiff to suggest a password to communicate with him. Shortly after the assault, Plaintiff reported it to Officer Hamilton and in turn the assault was reported to the Office of Special Investigation and Intelligence. Defendant Mayo continues to work at SCI Cambridge Springs and has direct contact with female inmates including Plaintiff.

Plaintiff further alleges that Defendant Mayo engaged in inappropriate sexual touching of Plaintiff's breasts and buttocks on several occasions prior to the September 19th assault. Defendant Mayo also inappropriately touched other inmates. Defendant Shank witnessed Defendant Mayo's actions against Plaintiff and other inmates and failed to take any actions to report or prevent such abuse. At least one other Department of Corrections employee witnessed and reported Defendant Mayo's inappropriate conduct to SCI Cambridge Springs officials. Despite this report of sexual abuse, Defendant Wilkes, the Superintendent at the time, took no action to terminate or reprimand Defendant Mayo or prevent further contact between him and female inmates.

Plaintiff alleges that Defendants Wetzel, Torma, and Wilkes "failed to implement adequate policies [required by the Prison Rape Elimination Act (PREA)] to ensure the safety of women incarcerated within the Commonwealth of Pennsylvania, and specifically at SCI Cambridge

2

Springs." (Doc. No. 1 ¶ 5.) "These same administrators also have failed to protect [Plaintiff] following Defendant Mayo's attack on her, returning Defendant Mayo to duty and forcing [Plaintiff] to have regular contact with him." (*Id.* ¶ 6.) Despite a previous report of Defendant Mayo's misconduct, "neither the superintendent at SCI Cambridge Springs at the time, Defendant Wilkes, nor any of her staff, took any actions to terminate or reprimand Defendant Mayo or prevent contact between him and female inmates." (*Id.* ¶ 27.) Plaintiff alleges that Defendants Wetzel, Wilkes, and Torma have not adequately enforced PREA-mandated policies such as unannounced rounds by supervisors to deter staff sexual abuse and harassment (*id.* ¶ 78), limits on cross-gender officer supervision of inmates (*id.* ¶ 80), and training of prison employees on sexual abuse (*id.* ¶ 84). Moreover, Plaintiff alleges that Defendants Wetzel, Wilkes, and Torma "have not adequately implemented procedures, policies, training, and/or supervision to ensure that staff of SCI Cambridge Springs report all instances of sexual abuse or harassment to their supervisors," which contributed to Defendant Shank's failure to report the assault of Plaintiff. (*Id.* ¶ 86.) Defendants have also failed, contrary to PREA requirements, "to enforce any effective separation of Plaintiff from her abuser" (*id.* ¶ 88), to implement or enforce procedures to provide Plaintiff with information about the outcome of the investigation into Defendant Mayo (*id.* ¶ 90), and to report Defendant Mayo's abuse to law enforcement (*id.* ¶ 94).

Plaintiff brings an Eighth Amendment claim against Defendants Wetzel, Wilkes, Torma, Shank, and Mayo; and a battery claim and intentional infliction of emotion distress claim against Defendant Mayo. Defendants Wetzel, Wilkes, Torma, and Shank moved to dismiss the Eighth Amendment claim against them, which the Report and Recommendations recommends that the Court deny. Defendants Wetzel, Wilkes, and Torma filed objections to the Report and Recommendation.

3

To survive a motion to dismiss made pursuant to Rule 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Well–pled allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. However, the complaint need not set out the facts in detail. Instead, it must demonstrate a "reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. Cty. of Allegheny*, 515 F.3d 232, 234 (3d Cir. 2008) (internal citation omitted). The purpose of the complaint is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545.

To make out an Eighth Amendment, the plaintiff must show "[s]he has suffered an objectively, sufficiently serious injury [or deprivation], and that prison officials inflicted the injury with deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "To hold a supervisor liable because his policies or practices led to an Eighth Amendment violation, the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001).

Plaintiff's Complaint identifies specific policies and practices related to supervision, training, and enforcement that Defendants Wetzel, Wilkes, and Torma failed to employ. The Complaint adequately alleges that these failures created an unreasonable risk of an Eighth Amendment injury, that

4

Defendants were aware of this risk because of a previous report of Defendant Mayo's misconduct, and that the failure to employ appropriate policies was a causal contribution to Plaintiff's injuries. Thus, Plaintiff has sufficiently pled an Eighth Amendment injury, and Defendant's Motion is denied.

**IT IS SO ORDERED.**

Dated this 1st day of March, 2017.

Barbara Jacobs Rothstein
U.S. District Court Judge